# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| JOHN DOE,<br>Petitioner,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br>Respondent. | No. 26-1296 |

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

NOV 13 2026

RECEIVED

## PETITIONER'S STATEMENT OF ISSUES

Pursuant to the Court's order of October 20, 2026, Petitioner John Doe now submits the following statement of the issues he presently intends to raise in this petition for review of the Securities and Exchange Commission's Order Determining Whistleblower Award Claim, Exchange Act Release No. 106525, Whistleblower Award Proceeding File No. 2026-48 (Sept. 29, 2026) (the "Final Order"). Petitioner has not yet seen the certified index to the record or the staff declarations on which the Final Order relies, and he respectfully requests to reserve the right to refine, add to, or omit issues in his opening brief. Petitioner now presents the Court the following substantive issues for its consideration:

1. Whether the Final Order is arbitrary, capricious, or unsupported by substantial evidence. While stating that "[t]he Commission did receive Claimant 1's information," the Final Order makes no finding as to whether, when, or in what

form the Commission received Petitioner's *two* supplemental submissions in June 2020—one transmitted by facsimile to the fax number designated by the Commission's Office of the Whistleblower, and one sent by U.S. mail on a storage device using an encrypted file whose password was supplied only in the facsimile. The Final Order refers only to "a subsequent submission," in the singular, and makes no finding as to where either submission was routed, when, or whether either was ever evaluated, even though it describes the disposition of Petitioner's original tip as one under which staff would take no additional steps "unless subsequent information leads staff to take action." As Petitioner has contended, interference occurred in the transmission of one or both of these submissions, and thus, particularly in the case of the facsimile, the delay of one would have impeded the Commission's ability to make use of the other—a conclusion that is not inconsistent with the narrative advanced by the Commission in the Final Order. *See Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (agency action is arbitrary and capricious where the agency "entirely failed to consider an important aspect of the problem"); *Butte Cnty. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010) ("[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of § 706."); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The

grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.").

2. Whether the Commission's statement that "the record shows" that the Enforcement staff responsible for the covered action "did not receive or review" Petitioner's information, and had no communications with him, is supported by substantial evidence where the Final Order rests on staff statements that they "do not recall" doing so. *See* 15 U.S.C. § 78y(a)(4); *Doe v. SEC*, 114 F.4th 687, 691 (D.C. Cir. 2024) (the court "will set aside the Commission's decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' or 'unsupported by substantial evidence.'"); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight."); *Doe v. SEC*, No. 23-1124, slip op. at 8 (D.C. Cir. Apr. 17, 2026) ("The Commission's factual findings are 'conclusive' when 'supported by substantial evidence.'").

3. Whether the Commission abused its discretion, or failed to engage in reasoned decision-making, by disposing of Petitioner's request for relief based on extraordinary circumstances—including under Exchange Act Rule 21F-8(a), 17 C.F.R. § 240.21F-8(a), and the Commission's exemptive authority under Section 36(a) of the Exchange Act, 15 U.S.C. § 78mm(a)(1)—in a single sentence that recast it as a request to excuse a "failure to submit information," without

addressing the circumstances Petitioner actually asserted. Such circumstances were, namely, that his supplemental submissions—despite being timely sent and transmitted—were impeded from reaching the responsible staff by a government entity other than the Commission, which is conduct of the kind prohibited by Exchange Act Rule 21F-17(a), 17 C.F.R. § 240.21F-17(a), and even 18 U.S.C. § 1505. The Commission made no finding on that assertion. *See Doe v. SEC*, No. 23-1124, slip op. at 18–19 (D.C. Cir. Apr. 17, 2026) (vacating the denial of a Section 36(a) exemption request that the Commission "summarily disposed of . . . in a footnote"); *Gas Transmission Nw. Corp. v. FERC*, 363 F.3d 500, 503 (D.C. Cir. 2004) (restating an existing requirement "does not answer" the argument "that this is one of those circumstances in which it should be waived"); *WAIT Radio v. FCC*, 418 F.2d 1153, 1157 (D.C. Cir. 1969) (waiver requests "are not subject to perfunctory treatment, but must be given a 'hard look'"); *cf. United States v. Kelley*, 36 F.3d 1118, 1127 (D.C. Cir. 1994) (agency investigation backed by subpoena power is a "proceeding" within the meaning of 18 U.S.C. § 1505).

4. Whether the Commission erred by reciting, but not deciding, Petitioner's arguments under Exchange Act Rule 21F-17(a) and the First and Fifth Amendments to the United States Constitution, and by not addressing record evidence that Petitioner's former employer threatened him with adverse consequences for attempting to provide evidence to the Commission. Indeed, as the

record shows, Petitioner took numerous actions to furnish (or that would cause to be furnished) additional information to the Commission, but rules were bent (see e.g., Exhibit 5 of Petitioner's Form WP-APP Supplemental Responses), laws were broken (e.g., of 17 C.F.R. § 240.21F-17(a) and 18 U.S.C. § 1505), and otherwise extraordinary circumstances (i.e., government interference in reporting to the SEC) intervened in a way that not just benefitted his former employer at every turn but that also prevented him from receiving the benefits of due process and petition, which the U.S. Constitution enshrines as protected rights. *See Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997) (agency decision is arbitrary where it "did not respond to" arguments that "do not appear frivolous on their face and could affect the [agency's] ultimate disposition"); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("[T]he right to petition extends to all departments of the Government.").

5. Whether the Commission erred as a matter of law, or failed to address a material argument, by denying the claim without applying Exchange Act Rule 21F-4(b)(7), which Petitioner invoked, and without identifying the source of the "referral" on which it found the investigation was opened or determining whether that referral derived, directly or indirectly, from information that Petitioner provided to another federal authority or reported through his employer's internal procedures, including the alternate method laid out in Petitioner's Supplemental

Submission to Form WB-APP and Exhibit 5 thereto. *See* 17 C.F.R. § 240.21F-4(b)(5), (b)(7), (c)(3); *Doe v. SEC*, No. 25-1152, slip op. at 22 (D.C. Cir. Sept. 1, 2026) ("[A] whistleblower may still qualify for an award if his information causes another agency to make a referral to the Commission, so long as he submits the same information to the SEC within 120 days of his initial report to the other agency."); *id.* at 12 ("Because the regulations at issue are not 'genuinely ambiguous,' we accord no deference to the Commission's interpretation of them."); *Nat'l Env't Dev. Ass'n's Clean Air Project v. EPA*, 752 F.3d 999, 1009 (D.C. Cir. 2014) (agency action "may be set aside as arbitrary and capricious if the agency fails to 'comply with its own regulations'").

6. Whether the Final Order was issued without observance of procedure required by law, 5 U.S.C. § 706(2)(D), is unsupported by substantial evidence, or, in the alternative, denied Petitioner due process, because it resolved Petitioner's eligibility under Exchange Act Rule 21F-4(c)(3)—a ground the Preliminary Summary Disposition did not address—on the basis of a supplemental staff declaration that was never provided to Petitioner and to which he had no opportunity to respond. Moreover, such supplemental declaration is credited for the proposition that Commission staff are "unaware" of any internal investigation by Petitioner's employer even though Petitioner's original tip, in the Commission's own files, confirmed that his employer had engaged outside counsel who

interviewed him about his concerns. *See Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 288 n.4 (1974) ("A party is entitled . . . to know the issues on which decision will turn and to be apprised of the factual material on which the agency relies for decision so that he may rebut it."); *Ralls Corp. v. Comm. on Foreign Inv. in the U.S.*, 758 F.3d 296, 319 (D.C. Cir. 2014) (due process requires "access to the . . . evidence on which the official actor relied" and "an opportunity to rebut that evidence").

7. Whether the Commission erred by resolving Petitioner's claim through the summary-disposition process of Exchange Act Rule 21F-18, 17 C.F.R. § 240.21F-18, including whether the condition for that process in Rule 21F-18(a)(3)—that the claimant's information "was never provided to or used by the staff handling the covered action or the underlying investigation . . . , and those staff members otherwise had no contact with" the claimant—could be found on staff statements that they "do not recall" receiving the information or communicating with Petitioner, when the claim raised disputed questions of fact. This is particularly difficult to resolve given the substantial similarity of the information submitted by Petitioner and the referenced enforcement action(s) when coupled with the Final Order's statement that "[t]he Commission did receive Claimant 1's information": how could clearly actionable information be received yet also not acted upon—unless, as Petitioner has asserted, there was undue and

unlawful interference in the Commission's timely, substantive receipt of Petitioner's submissions (plural)? Moreover, the Commission denied Petitioner's request for a hearing to resolve those disputes without explaining why the claim remained appropriate for summary disposition, *see* 17 C.F.R. § 240.21F-18(b)(5). *See Vitarelli v. Seaton*, 359 U.S. 535, 539–40 (1959) (agency is bound by the procedural regulations it has promulgated, even where it could otherwise have acted summarily); *Lopez v. FAA*, 318 F.3d 242, 246–47 (D.C. Cir. 2003) (reviewing a claim that an agency failed to follow its own procedures even though the underlying decision was committed to agency discretion).

8. Whether the Commission erred in treating the overlap between the subject matter of Petitioner's submissions and the conduct charged in the covered action as irrelevant to whether his information "led to" the successful enforcement of that action, 15 U.S.C. § 78u-6(b)(1), without evaluating the content of his supplemental submissions. As also outlined in Issue #7 above, a reasonable person would rightly be confused by the Commission's statement that it "did receive Claimant 1's information" yet did not act on that information despite its substantial similarity to the charged conduct—unless undue and improper outside interference occurred. *See* 17 C.F.R. § 240.21F-4(c)(1) (asking whether the Commission's action was "based in whole or in part on conduct that was the subject of your original information"); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369,

394 (2024) (courts "must exercise independent judgment in determining the meaning of statutory provisions"); *cf. Doe v. SEC*, No. 25-1152, slip op. at 16 (D.C. Cir. Sept. 1, 2026) (deciding whether a submission "led to" enforcement by asking whether its content "added nothing to what the SEC already knew").

9. Whether the appropriate remedy is vacatur of the Final Order and remand—or, as one alternative, remand of the record with this Court retaining jurisdiction, *see* D.C. Cir. R. 41(b)—with instructions that the Commission (i) make explicit findings on the receipt, routing, and evaluation of Petitioner's supplemental submissions, (ii) provide Petitioner with the staff declarations on which it relies and an opportunity to respond, and (iii) decide his request for relief on the basis of improper interference with submissions to the Commission; and whether, to the extent the Commission's fact-finding procedures were inadequate, the Court should permit additional evidence to be adduced on remand under 15 U.S.C. § 78y(a)(5). As a further alternative, the Court could also decide the disputed facts are subject to determination by this Court under 5 U.S.C. § 706(2)(F). *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (where the record does not support the agency action, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Doe v. SEC*, No. 23-1124, slip op. at 19 (D.C. Cir. Apr. 17, 2026) (vacating and remanding to the Commission "for reconsideration and an adequate

explanation of its determination"); *Sierra Club v. Gorsuch*, 715 F.2d 653, 661 (D.C. Cir. 1983) (remanding the record to the agency while "the panel retains jurisdiction"); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971) (de novo review "is authorized when the action is adjudicatory in nature and the agency factfinding procedures are inadequate"), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

10. Whether the Final Order is otherwise arbitrary, capricious, an abuse of discretion, not in accordance with law, contrary to constitutional right, unsupported by substantial evidence, or issued without observance of procedure required by law, 5 U.S.C. § 706(2), including in its failure to address Petitioner's claims for awards in related actions. *See* 17 C.F.R. § 240.21F-11(a).

Dated: November 13, 2026

Respectfully submitted,

/s/

John Doe, Petitioner pro se

Contact information on file with Clerk under seal

No. 26-1296

## CERTIFICATE OF SERVICE

I certify that on November 13, 2026, I caused the foregoing Petitioner's Statement of Issues to be filed with the Clerk of the United States Court of Appeals for the District of Columbia Circuit, and that on the same date I served a copy by hand delivery on:

Office of the General Counsel
Attn: Mary Alexandra Verdi & Stephen G. Yoder
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

/S/
John Doe